**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 21, 2011**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

Elisabeth A. Shumaker
Clerk of Court

---

In re:

ELGIN L. PHILLIPS,

　　Movant.

No. 11-1014

96 CR 389 - JLK

---

**ORDER**

---

Before **LUCERO**, **HARTZ**, and **GORSUCH**, Circuit Judges.

---

Elgin L. Phillips unsuccessfully sought relief under 28 U.S.C. § 2255 from his jury convictions of possessing with intent to distribute cocaine base in violation of 21 U.S.C. § 841(a)(1) and using and carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1). Since then, this court has twice denied him authorization to file a second or successive § 2255 motion. *See In re Phillips*, No. 09-1459 (10th Cir. Nov. 3, 2009) (unpublished order); *Phillips v. United States*, No. 05-1554 (10th Cir. Feb. 9, 2006) (unpublished order). Mr. Phillips again seeks authorization to file a § 2255 motion.

He proceeds under 28 U.S.C. § 2255(h)(1), which requires a prima facie showing of "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing

evidence that no reasonable factfinder would have found [him] guilty of the offense." He states that "[t]he officer who testified in every phase of this case, that preceded the jury trial, including written statements, is incredible, and committed perjury in order to gain a conviction." Mot. at 5. He asserts that the officer in question was found to have misrepresented the truth in another case in 2010, showing that he also committed perjury in Mr. Phillips's proceedings.

Mr. Phillips has not provided sufficient information to satisfy § 2255(h)(1). In particular, he does not identify what testimony allegedly was perjured or explain how such testimony helped to convict him. He was convicted by a jury, but it appears from the assertion quoted above that the officer may have testified only at pretrial proceedings, not at trial. Further, the only attached transcript showing the officer's testimony is identified as a transcript of a motions hearing, not of the trial. Thus, it is not apparent that the jury even heard the officer's testimony.

The motion for authorization is DENIED. This denial of authorization is not appealable and "shall not be the subject of a petition for rehearing or for a writ of certiorari." 28 U.S.C. § 2244(b)(3)(E).

Entered for the Court,

*Elisabeth A. Shumaker*

ELISABETH A. SHUMAKER, Clerk

-2-