IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Action **No. 96-cr-389-JLK**

**UNITED STATES OF AMERICA,**
          Plaintiff,

v.

**1.  ELGIN L. PHILLIPS**,
          Defendant.

---

ORDER

---

This matter is currently before me on Defendant's Motions for Resentencing in Accordance with the Fair Sentencing Act of 2010 (docs. 148 and 150).  Defendant argues that the provisions of the Fair Sentencing Act, Pub. L. No. 11-220, should be applied retroactively, significantly reducing his sentence.  For the reasons stated below, this motion is DENIED.

**BACKGROUND**

Defendant Elgin L. Phillips was originally charged in a four-count indictment on September 26, 1996.  Two of the four counts were dismissed, and Defendant was tried and found guilty of possession with intent to distribute cocaine base (crack) in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A)(iii), and use of a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1).  The government also filed an information pursuant to 21 U.S.C. § 851, alleging that Defendant had been previously convicted of a drug-related felony and was therefore subject to enhanced sentencing provisions under 21 U.S.C. § 841(b)(1)(A) and § 851.  Application of these provisions yielded a statutory mandatory minimum term of 20 years for Defendant's possession with intent to distribute 250 grams of

crack cocaine. After applying the then mandatory Sentencing Guidelines, the court sentenced Defendant to 240 months and 60 months of incarceration on the above-mentioned offenses, the terms to be served consecutively for a total of 300 months.

## ANALYSIS

At the time of his offense, trial, and sentencing, Defendant's conduct was subject to the terms of the Anti-Drug Abuse Act of 1986.  Passed in response to increasing public fears about the nation's growing drug problem and a variety of since discredited concerns about the spread of crack cocaine, this Act equated 1 gram of crack cocaine with 100 grams of powder cocaine for purposes of sentencing.  Soon after its passage, it became apparent that the 100:1 ratio had a disparately severe impact upon minorities.  *See, e.g.*, *Kimbrough v. United States*, 552 U.S. 85, 97-99 (describing reports of the United States Sentencing Commission calling into question the 100:1 ratio based on its disparate impact on minorities).  After sustained calls for change by scholars, practitioners, the U.S. Sentencing Commission, and even the President, Congress passed the Fair Sentencing Act of 2010 ("FSA").

The stated purpose of the FSA is to "restore fairness to Federal cocaine sentencing." FSA pmbl.  It attempts to effectuate that purpose through a variety of reforms.  Most relevant to Defendant's motion, it reduced the crack to powder cocaine ratio to 18:1.  As a result, the quantity of crack triggering the five- and ten-year mandatory minimum sentences was increased from 5 to 28 grams for a mandatory five-year sentence and from 50 to 280 grams for a mandatory ten-year sentence.  FSA § 2(a) (codified at 21 U.S.C. §§ 841(b)(1)(A)(ii-III), (B)(ii)-(iii)).

Under the terms of the FSA, if Defendant were charged and sentenced for the same

conduct today, he would be subject to a 120-month statutory mandatory minimum sentence for his possession with intent to distribute 250 grams of crack cocaine. As Defendant acknowledges, however, the Tenth Circuit has expressly held that the FSA is not retroactive in its application. *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010). In fact, every circuit court which has addressed this issue has specifically held that application of the FSA is not retroactive.[1] These rulings hinge upon the application of the federal savings statute codified at 1 U.S.C. § 109, which provides in pertinent part:

> The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability.

As the Supreme Court has held, under the terms of the federal savings statute a repealed statute or section "must be enforced unless, either by express declaration or necessary implication, arising from the terms of the law as a whole, it results that the legislative mind will be set at naught by giving effect to [the Saving Statute]." *Great Northern Ry. Co. v. United States*, 208 U.S. 452 465 (1908).

Defendant acknowledges that the FSA contains no express declaration as to its

---

[1] *United States v. Acoff*, 2011 WL 447043 (2d. Cir., amended Feb. 11, 2011); *United States v. Diaz*, ___F.3d___, 2010 WL 5094222 (2d Cir. Dec. 15, 2010); *United States v. Glover*, 2010 WL 4250060, *2 (2d Cir. Oct. 27, 2010) (unpub.); *United States v. Reevey*, 2010 WL 5078239, *4, (3d Cir. Dec. 14, 2010); *United States v. Patillo*, 2010 WL 5018228, *6 (3d Cir. Dec. 9, 2010) (unpub.); *United States v.Wilson*, 2010 WL 4561381, *2 (4th Cir. Nov. 12, 2010) (unpub.); *United States v. Doggins*, 2011 WL 438935 (5th Cir. Feb. 9, 2011); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010); *United States v. Bell*, 624 F.3d 803, 814 (7th Cir. 2010); *United States v. Taylor*, ___F.3d___, 2010 WL 5019904, *3 (7th Cir. Dec. 10, 2010); *United States. v. Rainey*, 2010 WL 5018527, *4 (7th Cir. Dec. 8, 2010) (unpub.); *United States v. Brewer*, 624 F.3d 900, 909 n.7 (8th Cir. 2010); *United States v. Brown*, 2010 WL 3958760, *1 (8th Cir. Oct. 12, 2010) (unpub.); *United States v. Hall*, 2010 WL 4561363, *3 (9th Cir. Nov. 10, 2010) (unpub.); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010) (per curiam).

retroactive or retrospective application.  Motion to Resentence (doc. 150) at 3.  He contends, however, that in light of the FSA's stated purpose of "restor[ing] fairness in Federal cocaine sentencing," the FSA's necessary implication is that "all offenders, regardless of the date upon which their offenses were committed, should be able to benefit from its provisions."  Motion to Resentence (doc. 150)  at 5.

Admittedly the FSA's stated purpose is consistent with Defendant's position.  This is not, however, sufficient to meet the burden of establishing a "necessary implication."  As clarified by the Supreme Court, "the 'necessary implication' language in *Great Northern* means that Congress can pass a statute the effect of which is so completely inconsistent with the Savings Statute that a reviewing court must conclude, despite the absence of 'magical passwords,' that Congress did not intend the Savings Statute to apply."  *United States v. Santana*, 2011 U.S. Dist. LEXIS 9636, *63-*64 (S.D.N.Y. Jan. 20, 2011) (citing  *Lockhart v. United States*, 546 U.S. 142, 145 (2005).  Defendant fails to demonstrate that retroactivity is necessarily implied by the FSA's purpose.  On the contrary, in light of the legislative process resulting in the FSA, it seems much more likely that Congress was aware of its options in this regard and intentionally declined to address the retroactive or retrospective application of the FSA.  *See* Restoring Fairness to Federal Sentencing:  Addressing the Crack-Powder Disparity:  Hearing Before the Subcomm. on Crime and Drugs of the S. Comm. on the Judiciary, 111th Cong. 100 (2009).  In fact, the heated debate on the eventual terms of the FSA suggests that the decision not to apply the terms of the FSA retroactively or retrospectively was the result of an intentional compromise.  As Justice Stevens so eloquently noted:

> It will frequently be true . . . that the retroactive application of a new statute
> would vindicate its purpose more fully.  That consideration, however, is not

>sufficient to rebut the presumption against retroactivity. Statutes are seldom crafted to pursue a single goal, and compromises necessary to their enactment may require adopting means other than those that would most effectively pursue the main goal. A legislator who supported a prospective statute might reasonably oppose retroactive application of the same statute.

*Landgraf v. Usi Fil Prods.*, 511 U.S. 244, 285-86 (1994). Absent express language or a necessary implication to the contrary, I am reluctant to interfere with the legislative process.

## CONCLUSION

Defendant's arguments in favor of retroactivity are not without merit. The seemingly arbitrary sentencing disparities which result from a strictly prospective application of the FSA depend not upon the nature but the date of an offender's conduct. This is neither fair nor just.[2] His arguments are, however, addressed to the wrong branch of government. "Punishment for federal crimes is a matter for Congress, subject to judicial veto only when the legislative judgment oversteps constitutional bounds." *Warden, Lewisburg Penitentiary v. Marrerro*, 417 U.S. 653, 664 (1974). He has failed to demonstrate an express declaration or necessary implication that Congress intended to override the prior statutory framework when it passed the Fair Sentencing Act. Accordingly, pursuant to the federal savings statute, I must find that Congress did not intend the FSA to alter the statutory regime applicable at the time Defendant was sentenced. Accordingly, his motion is DENIED.

Dated: April 11, 2011                                    BY THE COURT:

                                                         **/s/ John L. Kane**
                                                         Senior U.S. District Judge

---

[2] For an excellent analysis of the mandatory minimum sentences and the counterproductive results these ill-advised statutes produce, see Judge Weinstein's recent opinion in *United States v. Bannister, et al.*, 2011 WL 1113591 (E.D.N.Y. March 24, 2011).