IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge John L. Kane

Criminal Action **No. 96-cr-389-JLK**

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**ELGIN L. PHILLIPS**,

    Defendant.

---

ORDER CONCERNING DOCS. 169 and 170

---

Kane, J.

Elgin Phillips once again protests the justness of his sentence for possession of and intent to distribute crack cocaine. At the time of his offense, trial, and sentencing, Mr. Phillip's conduct was subject to the sentencing terms of the Anti-Drug Abuse Act of 1986[1], which led to a mandatory minimum sentence of 240 months and 60 months of incarceration, the terms to be served consecutively for a total of 300 months. Mr. Phillips was sentenced by Judge Daniel Sparr, now deceased, and then reassigned to me. While under my purview, Mr. Phillips has repeatedly challenged his sentence by filing motions for retroactive application of the crack cocaine sentencing guidelines set forth in the 2010 Fair Sentencing Act ("FSA"). Docs. 127, 148, 150, &161.

Under the terms of the FSA, if Mr. Phillips were charged and sentenced for the same conduct today, he would be subject to a 120-month statutory mandatory

---

[1] Courts, commentators, and common sense now widely recognize the Anti-Drug Abuse Act of 1986 as racist. *See Kimbrough v. United States*, 552 U.S. 85, 111, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

minimum sentence for his offenses. Because it is well-settled in the Tenth Circuit (as in most other circuits) that the FSA is inapplicable to sentences handed down before the FSA's enactment, however, I have denied Mr. Phillips requests. Docs. 138, 151, 157, & 165. This time, Mr. Phillips has a new tack.

He does not petition to terminate custody, accelerate the future date of release from custody, nor reduce the level of custody. In fact, he does not petition for any relief that will *necessarily* affect his sentence at all. That is, if Mr. Phillips obtains what he seeks, his relief will not result in any automatic legal operation upon his sentence.

What relief, then, does Mr. Phillips want? Declaratory relief. Specifically, Mr. Phillips petitions you for declaratory relief holding 1) that the efforts made by Congress and the Sentencing Commission directed at reducing the effects of the racially discriminatory 1976 Drug Abuse Act on crack cocaine sentencing, as a consequence of judicial interpretation of the 2010 Fair Sentencing Act and Sentencing Commission Amendments 706 and 650, violate Mr. Phillips' right to Equal Protection of the laws and 2) that the holding by the Supreme Court in *Dorsey v. US*, 132 S.Ct. 2321, 2323 (2011), as well as the Congress's action in passing the 2010 Fair Sentencing Act, must both be applied retroactively to final judgments to comport with the Equal Protection Clause. He also moves for reappointment of his former counsel, Thomas Ward, to assist him in bringing his equal protection challenge. Doc. 169.

Most circuits, including the Tenth, have not yet passed on the issue of whether a federal prisoner seeking a declaration that the FSA is unconstitutional on equal protection grounds is required to assert that claim in a habeas petition. The D.C. Circuit in *Davis v.*

*United States Sentencing Commission*, 716 F.3d 660, 661(D.C.Cir. May 28, 2013), however, recently faced the concern and concluded that habeas is not required. The *Davis* court reasoned that because the petitioner's relief would not "*necessarily* imply the invalidity of confinement or shorten its duration," the petitioner's claim for declaratory relief was permissible outside of habeas. *Id*. at 666 (quoting *Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005)).

Although *United States v. Cervantes-Sanmaneigo*, No. 07–20099–17 2013 WL 3314270 *1 (D. Kan. July 1, 2013), a district court case within the Tenth Circuit, mentions *Davis* in passing, the petitioner in *Cervantes-Sanmaneigo* did not present the court with a petition for declaratory relief, so the court did not have the opportunity to follow or not follow *Davis*. Although it is hazardous to read subtext into a court's silence, I note that the opinion overall seemed to suggest acceptance of *Davis*. The court took pains to state that it did not deny its petitioner's claim because it disagreed with *Davis.* Indeed, the court explicitly stated, "Nothing in the court's prior order, then, contravenes Davis and, in fact, the court's order is entirely consistent with the Davis opinion." *Id.* at *1.

Because I have routinely and ubiquitously criticized the draconian effects of the Anti-Drug Abuse Act of 1986 and because I believe Mr. Phillips brings a unique challenge not foreclosed by Tenth Circuit precedent, I will consider his motion for declaratory relief, grant (as specified below) his motion for counsel, and order a response from the Government.

I do not know if Mr. Ward is available and willing to take on this appointment. Because of sequestration and the action of the Judicial Conference of the United States, payments to Criminal Justice Act appointed lawyers have been postponed and reduced even further below their previous parsimonious rates. Accepting such an appointment is for Mr. Ward to decide. I direct the Clerk's office to contact him. If he accepts, so much the better because his familiarity with the case will likely reduce the necessary time and effort required. If he declines, the Clerk shall search for another whose idealism exceeds economic practicality.

Whoever accepts representation shall file an Amended Petition and brief within 45 days of entering an appearance. The Government shall respond within 30 days from the filing of the Amended Petition and brief and Mr. Phillips shall file a reply within 15 days from the filing of the Response.

DATED:   October 1, 2013           BY THE COURT:

                                   *s/John L. Kane*
                                   John L. Kane, U.S. Senior District Judge