**UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLORADO**

Criminal Case No. 1:96-cr-00389-JLK-1

**UNITED STATES OF AMERICA**,

    Plaintiff,

v.

**1. ELGIN L. PHILLIPS**,

    Defendant.

___

**ORDER**

___

Kane, J.

This post-conviction criminal case is before me on Defendant's *pro se* Motion for Reduction of Sentence (Doc. 186). The Motion is DENIED.

1. Defendant asserts that this court has discretionary authority to reduce his sentence under 18 U.S.C. § 3582, in light of "provisional changes to the statutes that govern his sentence (Doc. 186 at 1-3). This court has no such discretionary authority, and even if it did, this court would not exercise such putative discretion to reduce this sentence because the 2010 Fair Sentencing Act does not apply to individuals, like Mr. Phillips, who were sentenced before its effective date. *See United States v. Lucero*, 713 F.3d 1024, 1027 (10th Cir. 2013).

2. Alternatively, Defendant Phillips states the government can move to dismiss a count of conviction and thereby cause a reduction in a sentence (Doc. 186 at 7-9) (citing *United States v. Holloway*, 68 F. Supp. 3d 310 (E.D.N.Y. 2014)). While true, the circumstances in

which a court would approve such a dismissal would be exceedingly limited and not a matter of general application. I needn't rule on the viability of Mr. Phillips's motion in this case because the government, after due and thoughtful consideration of his particular case and history, has declined to take such action and it is under no obligation to do so.

Dated this 2nd day of March, 2016.

BY THE COURT

*John L. Kane*

John L. Kane
Senior U.S. District Court Judge